IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOSEPH HERO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:19-cv-319 |
| ) | |
| LAKE COUNTY ELECTION BOARD, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**Introductory Statement**

1. Joseph Hero has been a member of the Republican Party for nearly forty years. However, when deciding which candidate or candidates he supports, he keeps an open mind and, like most Americans, will cast a ballot for the candidate that he believes will best represent his community—and that is so even when that candidate is not a member of the Republican Party. In early 2019, Mr. Hero filed required paperwork in order to run as a member of the Republican Party for an at-large seat on the St. John Town Council. After filing this paperwork, however, challenges to his candidacy were submitted by two persons who asserted that he should be removed from the ballot, pointing to a ten-year "ban" that Mr. Hero received from the Republican Party for having previously supported two independent candidates for local office. The Lake County Election Board concluded that this ban required Mr. Hero's removal from the ballot and removed him from the primary ballot. He was therefore prohibited from running as a member of the Republican Party for the St. John Town Council.

2. While Mr. Hero recognizes that it is too late for him to realistically obtain placement on

the ballot during the 2019 election cycle, he would like to run for office as a member of the Republican Party in the future and will be prohibited from doing so by the Lake County Election Board, because of its enforcement of the Republican Party's purported ban. This prohibition runs afoul of his right to ballot access, and therefore violates the First and Fourteenth Amendments to the United States Constitution. Appropriate declaratory and injunctive relief is warranted.

**Jurisdiction, Venue, and Cause of Action**

3. The Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

5. Declaratory relief is authorized by Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202.

6. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States.

**Parties**

7. Joseph Hero is an adult resident of Lake County, Indiana.

8. The Lake County Election Board is the governmental agency responsible for overseeing elections in Lake County, Indiana, and has been established pursuant to Indiana Code § 3-6-5-1, *et seq.*

**Factual Allegations**

9. Joseph Hero is an adult resident of Lake County, Indiana and has been a member of the Republican Party for more than 38 years.

10. Like many Americans, however, Mr. Hero considers himself to be open-minded: when deciding which candidate or candidates he supports, he chooses to support (or to cast a

ballot for) the candidate that he believes will best represent his community—and that is so even when that candidate is not a member of the Republican Party.

11. In 2015, Mr. Hero openly supported two independent candidates for local office, following a disagreement regarding the Republican candidates' stance on a local eminent domain issue. However, his support for these independent candidates did not change the fact that Mr. Hero considers himself to be a Republican, supports the vast majority of Republican positions, and openly identifies himself as a member of the Republican Party.

12. In fact, Mr. Hero has voted as a member of the Republican Party in primary elections for nearly four decades.

13. Notwithstanding his decades-long support for and membership in the Republican Party, in November 2016 Mr. Hero received a letter from the State Chairman of the Indiana Republican Party. According to that letter, as a result of Mr. Hero's prior support for two independent candidates and his open support for the St. John Homeowners PAC (a local political action committee with an interest in numerous issues in and around St. John, Indiana), Mr. Hero had been determined not to be a "Republican in good standing" and was banned from the Indiana Republican Party for ten years. According to the letter, this determination "bars [Mr. Hero] from seeking an elected office within the State of Indiana as a Republican candidate during the next ten (10) years" (emphasis omitted). A true and correct copy of this letter is attached and incorporated herein as **Exhibit 1**.

14. Nonetheless, in early 2019, Mr. Hero filed required paperwork in order to run as a member of the Republican Party for an at-large seat on the St. John Town Council. In doing so, he met all requirements imposed by Indiana Code § 3-8-2-7, including the requirement of

        Indiana Code § 3-8-2-7(a)(4)(A) that the most recent primary election in Indiana in which he voted was a primary election held by the Republican Party.

15. After filing this paperwork, however, Mr. Hero was informed that two persons had submitted formal challenges to his candidacy. According to these challenges, because Mr. Hero had received a ten-year ban from the Indiana Republican Party, he was prohibited from running for elected office as a Republican in the 2019 primary election.

16. A hearing before the Lake County Election Board on the challenges to Mr. Hero's candidacy was conducted on February 26, 2019. At the conclusion of that hearing, the Lake County Election Board sustained the challenges to Mr. Hero's candidacy and ordered his removal from the Republican primary ballot.

17. This action by the Lake County Election Board has the effect of banning Mr. Hero altogether from the ballot for town council. Notwithstanding the Republican Party's purported ban, Mr. Hero considers himself to be a Republican, assists in recruiting individuals to run for elected office as Republicans, affiliates with the Republican Party, and has voted in Republican primaries and for Republican candidates for nearly four decades. When he runs for elected office in the future, he intends to do so as a Republican.

18. The Lake County Election Board has no legitimate interest in prohibiting Mr. Hero from seeking election as a member of the Republican Party, but even if it did possess such an interest, that interest pales in comparison to the burden that this prohibition has on Mr. Hero's ballot-access rights.

19. At all times the defendant has acted under color of state law.

20. As a result of the actions or inactions of the defendant, the plaintiff is suffering irreparable harm for which there is no adequate remedy at law.

**Legal Claim**

21. The determination that the plaintiff may not run for election as a member of the Republican Party, and the resulting removal of the plaintiff from the Republican primary ballot, violates the First and Fourteenth Amendments to the United States Constitution.

**Request for Relief**

**WHEREFORE,** the plaintiff requests that this Court:

1. Accept jurisdiction of this cause and set it for hearing.

2. Declare that the defendant has violated the rights of the plaintiff for the reason described above.

3. Issue a preliminary injunction, later to be made permanent, prohibiting the defendant from prohibiting the plaintiff from seeking election as a member of the Republican primary provided that he meets all requirements of Indiana Code § 3-8-2-7.

4. Award the plaintiff his costs and attorneys' fees pursuant to 42 U.S.C. § 1988.

5. Award all other proper relief.

Stevie J. Pactor
Gavin M. Rose
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN 46202
317/635-4059
fax: 317/635-4105
spactor@aclu-in.org
grose@aclu-in.org

Attorneys for Plaintiff