IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOSEPH HERO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:19-cv-00319 |
| ) | |
| LAKE COUNTY ELECTION BOARD, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S, LAKE COUNTY ELECTION BOARD, REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56 AND N.D. L.R. 56-1**

Comes now Defendant, Lake County Election Board, whose true name is Lake County Board of Elections and Registration ("Election Board"), by counsel, Tolbert & Tolbert, LLC for their Reply Brief in Support of Motion for Summary Judgment. In support thereof, the Court is shown the following:

**I. LEGAL ARGUMENT**

**A.     Mr. Hero's Response Brief Fails to Comply with N.D. Ind. L.R. 56-1**.[1]

On March 9, 2021, the Plaintiff, Joseph Hero ("Mr. Hero") filed a response to the Election Board's Motion for Summary Judgment. [See Dkt. 36] Mr. Hero's response brief contained sections entitled "Introduction" and "Response to the Election Board's Factual Recitation." *Id*. In these two (2) sections, Mr. Hero attempts to frame the Election Board's legal position. *Id*. Moreover, these sections make self-serving arguments without much support to any designated evidence. Mr. Hero's response brief claims, in a footnote, that the Election Board's designated

---

[1] *Hinterberger v. City of Indianapolis*, 966 F.3d 523 (7th Cir. 2020) (holding that District Court did not abuse its discretion by striking the Statement of Disputed Material Facts section of the Plaintiff's response in opposition to a motion for summary judgment when it failed to comply with Local Rule 56-1 and presented argument.)

1

evidence in support of its summary judgment should be ignored. These two sections of Mr. Hero's response brief should be disregarded by the Court.

First, N.D. Ind. L.R. 56-1 governs the summary judgment procedure for litigants in the Northern District of Indiana. N.D. Ind. L.R. 56-1 (b) specifically provides that a party opposing a summary judgment must, within 28 days after the movant serves the motion, file and serve a response brief. *See* N.D. Ind. L.R. 56-1 (b)(1). The response brief must include a section labeled "Statement of Genuine Disputes" that identifies the material facts that the party contends are genuinely disputed so as to make a trial necessary. *Id*. Neither of the two sections set forth in Mr. Hero's response brief satisfy the applicable local rule and only makes unsupported argument. *Id*.

Second, Mr. Hero argues in his response brief that the affidavits of Daniel E. Dernulc and Kevin Smith are improper. Mr. Hero relies on the *Waterloo Furniture Components Ltd. v. Haworth, Inc*. case to support this proposition. However, the *Waterloo* case found that a trial court did not abuse its discretion when it denied a motion to strike an affidavit that did not contain objectionable statements that related to the contents of an agreement. *Waterloo*, 467 F. 3d at p. 649. Mr. Hero's argument generically complains about the affidavits of Mr. Dernulc and Mr. Smith without pointing to the specific sections that do not comply with Federal Rule 56 or any applicable local rule.

More importantly, this is the same argument the Court found unpersuasive in *Waterloo*. The issues which Mr. Hero complains of have not been properly presented to this Court for ruling. For this reason, the Court should disregard these above referenced sections of Mr. Hero's response brief. The Election Board is entitled to judgment as a matter of law and their motion for summary judgment should be granted.

**B.      Mr. Hero's Response Brief Does Not Show He is Entitled to Injunctive Relief.**

Mr. Hero's response brief appears to argue that the Election Board's motion for summary judgment recites the wrong standard when analyzing whether injunctive relief is proper. Mr. Hero's Complaint clearly seeks the issuance of a "preliminary injunction" later to be made permanent. [Dkt. 1 at p. 5]. Likewise, the Election Board's analysis with respect to the standard for preliminary injunctions is proper.

What is telling is Mr. Hero's failure to comply with the applicable local rules as it relates to the issuance of preliminary injunctions. N.D. Ind. L.R. 65-1 provides, in pertinent part, as follows:

> **(a).    Preliminary Injunctions.** The court will consider requests for preliminary injunctions only if the moving party files a separate motion for relief. Supporting and response briefs are not required, but the court may request them.

[*See* N.D. Ind. L.R. 65-1 (a)] (emphasis added)

To date, Mr. Hero has not filed a separate motion for injunctive relief. The Election Board should be granted summary judgment on Mr. Hero's claim on this ground alone. Besides this glaring flaw, Mr. Hero's response brief does little to show he is entitled to the issuance of preliminary injunction.

Mr. Hero's response brief relies on the case *Higher Society of Indiana v. Tippecano County, Indiana* for the proposition that individual elements for obtaining injunctive relief are not separately analyzed when there is a violation of a constitutional right. This argument proves too much. The *Higher Society of Indiana* case found that in a First Amendment case brought by a group denied a permit to hold a rally for the legalization of marijuana, the likelihood of success on the merits will often be the determining factor in considering whether injunctive relief is appropriate. *Higher Society of Indiana*, 858 F.3d at p. 1116. Mr. Hero's situation simply does not square with the facts set out in the *Higher Society of Indiana* case.

1. **Mr. Hero Will Not Prevail on the Merits.**

Although Mr. Hero argues that the analysis "begins and ends with the likelihood of success on the merits", his response brief does little to demonstrate he will succeed on his First or Fourteenth Amendment claims. Again, Courts have found that limiting access to the ballot is not a per se violation of the First and Fourteenth Amendments when the interest of ballot integrity, fairness, and efficiency of ballots during the election process would be best served. *Timmons v. Twin Cities Area New Party*, 520 U.S. 351, 358, 117 S. Ct. 1364, 137 L.Ed.2d 589 (1997); *Burdick v. Takushi*, 504 U.S. 428, 433, 112 S. Ct. 2059, 119 L.Ed.2d 245 (1992)(holding that common sense ... compels the conclusion that government must play an active role in ballot structuring during elections.) Although Courts do recognize a party's right to access the ballot and stand for office, this right is not absolute. *Nader v. Keith*, 385 F.3d 729, 737 (7th Cir. 2004); *Libertarian Party of Ill. v. Rednour*, 108 F.3d 768, 773 (7th Cir. 1997). These points were undisputed by Mr. Hero in his response brief. To the contrary, Mr. Hero's response brief on this point is captured in footnote 3, which simply provides the Court with a broad overview of First and Fourteenth Amendment jurisprudence without showing how these cases specifically apply to Mr. Hero's case.

Again, in a footnote, Mr. Hero's response brief attempts to discredit the Election Board's reliance on the *Timmons* case. Mr. Hero's response brief utterly ignores the reasoning in *Timmons*. The Court in *Timmons* found that that election officials had an interest in protecting the integrity, fairness, and efficiency of ballots and the election processes as means for electing public officials. *Timmons*, 520 U.S. at p. 358. For this reason, the Court in *Timmons* found that the Plaintiff's First and Fourteenth Amendment associational rights were not violated. *Id*. at p. 369-370. Mr. Hero's response brief never acknowledges the designated evidence offered by the Election Board that demonstrated he was not a Republican in good standing. Nor does the response brief even attempt

4

to address the designated evidence offered by the Election Board via affidavit showing the practical problems presented by placing Mr. Hero on a ballot.

Mr. Hero does not have a First Amendment associational right to affiliate with the Indiana Republican party when they have closed their doors to him – at least temporarily. *See New York State Board of Elections v. Torres*, 128 S. Ct. 791 (2008). Furthermore, a political party has a First Amendment associational right to limit its membership. *Torres*, 128 S. Ct. at p. 797. The Election Board's interest in ballot integrity and political stability would surely have been undermined by allowing Mr. Hero to be placed on a ballot representing a political party that banished him almost three (3) years prior. Integrity, fairness, accuracy in the structuring of ballots given to voters as well as balancing the First Amendment associational rights of all involved were considered by the Election Board in their decision to remove Mr. Hero from the ballot.

The Election Board's action clearly satisfies the compelling interest and less exacting standard set out in *Timmons*. Mr. Hero will not prevail on the merits and the Defendant is entitled to summary judgment as a matter of law.

**2. Mr. Hero's Response Brief Does Not Show He Is Without An Adequate Remedy at Law and That He Will Suffer Irreparable Harm.**

Mr. Hero claims that he does not have an adequate remedy at law and that he will suffer irreparable harm. This argument is without merit. Again, if the plaintiff wants a preliminary injunction he must show that he has "no adequate remedy at law" and that he will suffer "irreparable harm" if the preliminary injunction is not granted. *Roland Machinery Co. v. Dresser Industries, Inc.*, 749 F. 2d 380 (7th Cir. 1984). Much of Mr. Hero's response brief relies on non-binding case law. Mr. Hero's argument is also based on the false premise that the Election Board's decision was a violation of his constitutional rights.

With that being said, Mr. Hero has not designated any evidence in response to the Election Board's motion for summary judgment that satisfies this prong that would give rise to injunctive relief. Mr. Hero has not designated any evidence that he cannot access the ballot. In contrast, the Election Board has designated evidence that Mr. Hero has access to the ballot if he complies with Indiana law. Mr. Hero has not satisfied this prong which would entitle him to injunctive relief and the Defendant is entitled to summary judgment as a matter of law.

### 3. Mr. Hero's Response Brief Fails to Show the Harm He Would Experience Is Greater than That of the Election Board if The Injunction Is Not Granted.

Again, Mr. Hero starts his response brief out claiming a "per se" irreparable harm. There has been no evidence designated to support this claim. The Election Board cited the case *Boucher v. School Bd. of School Dist. of Greenfield* to show that an injunction should not be granted when the severity of the impact on the defendant outweighs the hardship that would occur to the plaintiff if the injunction should be denied. *Boucher,* 134 F.3d at p. 824.

Mr. Hero's brief ignores the designated evidence of the harm the Election Board would suffer if an injunction was granted. Specifically, it does not closely analyze the real harm that would be experienced by the parties. It has already been established that Mr. Hero does not have an absolute right to access the ballot under the circumstance. It can hardly be argued that not putting him on the ballot as a Republican when he has been banned from the Party, outweighs the Election Board's interest in ensuring accurate ballot information be provided to voters. For this reason, Mr. Hero's argument does not satisfy this prong for injunctive relief. Defendant is entitled to summary judgment as a matter of law.

### 4. The Public Interest Is Not Served by The Display of Inaccurate Ballot Information.

Mr. Hero's response brief essentially advocates for the right to mislead the public with the help of the Election Board.  Mr. Hero is advocating for the right to hold himself out as a Republican when the Party has clearly banned him from their ranks.

The response brief does little to address this point or to explain why Mr. Hero's private battle with the Republican party should give rise to injunctive relief.  *Hecht Co. v. Bowles*, 321 U.S. 321, 64 S. Ct. 587, 88 L. Ed. 754 (1944); *Brody v. Village of Port Chester*, 261 F.3d 288 (2d Cir. 2001) (holding that public interests, when weighed against the condemnee's interests, precluded the grant of a preliminary injunction to prevent the village from proceeding with the condemnation of real property, when the condemnee's objections which could not remotely compare to the injury the village would suffer in further delaying its efforts to redevelop the blighted areas.)

The Election Board's interest in giving accurate ballot information clearly serves a public interest.  Mr. Hero's desire to hold himself out on a ballot as a Republican, when he has been banned from the party and is not in good standing, does nothing to further the public's interest.  This point has not been refuted in the response brief.

For the above reasons, Mr. Hero's request for injunctive relief must be denied because the public interest is better served by the Election Board's action – which is to give accurate ballot information to Lake County voters.

**5.     Mr. Hero's Fails to Show a Declaratory Judgment Action is Proper.**

Mr. Hero has also brought this case under the Declaratory Judgment Act, 28 U.S.C. § 2201. To show an "actual controversy" as required by 28 U.S.C. § 2201, the plaintiff in a declaratory judgment action must show that she has sustained, or is in immediate danger of sustaining, a direct injury as the result of the defendant's conduct. *See Northland Ins. Co. v. Gray*, 240 F. Supp. 2d

846 (N.D. Ind. 2003); 28 U.S.C. § 2201. The threat of injury must be real and immediate, not conjectural or hypothetical. *Id*. at 848. There must be a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. *Id*. Because Mr. Hero has not challenged evidence designated by the Election Board that he can still access the ballot, his claim is speculative, at best, and should not give rise to a declaratory judgment action. The Election Board's motion for summary judgment should be granted.

## II.  CONCLUSION

For the above reasons, this Court should grant the Defendant's Motion for Summary Judgment and they are entitled to judgment as a matter of law on all claims as a matter of law.

Respectfully submitted,

**TOLBERT & TOLBERT LLC**

By: /s/ Michael E. Tolbert
Michael E. Tolbert, 22555-64
1085 Broadway, Ste. B
Gary, IN  46402
Telephone:  219-427-0094
Fax:  219-427-0783

## CERTIFICATE OF SERVICE

I hereby certify that on the 23th day of March, 2021, service of a true and complete copy of the above foregoing document was made upon each party or attorney of record via the Court's ECF system.

Stevie J. Pactor
Gavin M. Rose
ACLU of Indiana
1031 E. Washington Street

8

Indianapolis, IN 46202
T:  (317) 635-4059
F:  (317) 635-4105


/s/ Michael E. Tolbert
Michael E. Tolbert 22555-64